```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF KENTUCKY
                       AT COVINGTON
              CIVIL ACTION NO. 03-231-WOB
```

**LAURA VON HANDORF,**                                                  **PLAINTIFF**

**V.**

**YOUNG LIFE, INC., et al.,**                                           **DEFENDANTS**

## MEMORANDUM ORDER

This case involves personal injuries allegedly sustained by plaintiff due to the failure of a "zip line" cable in June 2001. Defendant Adventure Experiences, Inc. inspected the zip line on an annual basis at the request of defendant Young Life.

On April 1, 2005, plaintiff moved for leave to file a second amended complaint to add a claim for punitive damages against both defendants. On April 18, 2005, plaintiff moved to amend the current scheduling order. That scheduling order, as amended on November 19, 2004, required that any motions to amend pleadings be filed no later than January 3, 2005.[1] Defendants' motion to file a complaint against two new third party defendants - filed on the deadline -was granted on January 27, 2005. Discovery is presently scheduled to conclude on August 1, 2005.

---

[1] The order inadvertently listed the deadline as January 1, 2005. January 3 was the first business day following January 1.

Both defendants oppose the plaintiff's motions to amend. Defendants dispute plaintiff's contention that plaintiff had only "illegible copies" of inspection reports, noting that Young Life produced legible copies of their inspection reports on April 6, 2004.

Defendant Young Life has attached to its response copies of its April 6, 2004 discovery responses. The responses include a copy of the April 6, 2001 inspection by Kyle Rogers of Adventure Experiences, Inc. The April 2001 report indicates "fail" for Water Zip, and further states under "Recommendations:" "Water Zip has significant rusting - Rec replacing cables by next year" and "Water Zip should be inspected after melt as per conversation with inspector. If any pitting exist [sic] on cable or BU's are damaged cable should be replaced this season." Also included in defendant's discovery responses was a handwritten follow-up report by Mr. Rogers reporting that "everything ...looked good" upon visual inspection on May 7, 2001. Plaintiff was injured just a few weeks later.

In a reply memorandum, plaintiff does not dispute receipt of the April 2001 inspection report, but explains more clearly that the information she did not receive until recently was the April **2000** inspection report of Adventure Experiences.

According to counsel, "an illegible copy was provided by Young Life, Inc." was provided to her in mid-December 2004. Plaintiff contends that it was not until she received notice that Adventure Experiences had "failed" the Zip line a year earlier - making the April 2001 "failure" report the second such report- that she had sufficient evidence to support punitive damages claims against both defendants.[2]

The "illegible" copy of the April 2000 report is attached to
plaintiff's reply. While the attached facsimile copy is without doubt of poor quality, this court is able to read the words "Pass" next to "Zip Line (Water)" but the words "Fail" next to the elements "Zip Line" and "Zip Static." The copy reflects a facsimile transmission date of November 18, 2004, even though plaintiff's counsel states she did not receive it until December 14, 2004, and that she did not receive a clean copy until February 20, 2005. Not included in the facsimile copy is a final page which includes the recommendation "Replace water Zip equipment."

---

[2]It is unclear to this court whether the April 2000 and April 2001 reports actually refer to the same "Zip line" elements. The 2000 report "passes" the Water Zip line which failed inspection in 2001. The 2000 report also appears to "fail" two elements (zip line and zip static) which rated "passes" in 2001.

Defendant Adventure Experiences argues that, even if plaintiff received the information late, amendment should be denied because plaintiff has failed to demonstrate that she has any basis for the assertion of a punitive damages claim against Adventure Experiences. A claim for punitive damages under Kentucky law generally requires proof of "wanton or reckless disregard" or "conduct... so outrageous that malice could be implied." *Kinney v. Butcher*, 131 S.W.3d 357, 358 (Ky. Ct. App. 2004). Defendant Adventure Experiences contends that since its inspector failed the water zip line at the camp just a few weeks prior to the accident, and was not provided another opportunity to re-inspect, that defendant cannot possibly be held liable for punitive damages.

Because no discovery has been had on the proposed amended complaint, Adventure Experiences' argument is premature. Defendant remains free to renew the same argument in a dispositive motion, if appropriate.

Rule 15 requires the court to grant liberal leave to parties to amend their pleadings when justice so requires. Although somewhat close, justice favors permitting the amendment. Defendants do not dispute that plaintiff received the April 2000 report either close to or after the deadline for the amendment of pleadings. The defendants are unlikely

4

to be prejudiced by the amendment given the fact that two third-party defendants were somewhat recently added, and discovery is still far from complete.

**Accordingly, IT IS ORDERED THAT:**

1. Plaintiff's motion for leave to file a second amended complaint [DE #34] is **granted**, and the tendered second amended complaint shall be **filed;**

2. Plaintiff's motion for leave to amend the case scheduling order [DE #38] is **denied as moot**.

This 6th day of May, 2005

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge